UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Forrest PRESTON, Defend-
ant-Appellant.

No. 26499.

United States Court of Appeals,
Ninth Circuit.

June 25, 1971.

Rehearing Denied Aug. 10, 1971.

James M. Carter, Circuit Judge, concurred in part and dissented in part and filed opinion.

Martha Goldin (argued) of Saltzman & Goldin, Hollywood, Cal., for appellant.

Tom E. Kotoske, Asst. U. S. Atty. (argued), David R. Nissen, Chief, Criminal Division, Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge:

Michael Forrest Preston appeals his conviction and three-year sentence for refusal to submit to induction in violation of 50 U.S.C. App. § 462. We affirm the conviction but remand to the trial court for resentencing.

While in college, Preston was classified II–S, his final classification as a student expiring on September 9, 1968. Thereafter he married and assumed responsibility for his wife and her two sons by a previous marriage. Because of his newly acquired family, Preston sought to change his I–A classification to III–A. He presented this information to his local board but was denied the III–A classification. An appeal resulted in unanimous affirmance without comment.

Thereafter Preston was ordered to report for induction. After numerous transfers and delays he finally reported and refused to submit to induction. This prosecution followed.

On appeal, Preston raises two questions which require our attention.[1] His first contention is that the local board erred when it refused to grant him the III–A (hardship) classification. His second point relates to the circumstances

---

1. Preston's arguments relating to the local board's handling of his late C.O. claim are completely foreclosed by Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

surrounding his three-year sentence without probation as suggested by counsel at the time of sentencing.

## I. THE HARDSHIP CLAIM.

█ The heart of the controversy here stems from the fact that there are essentially two types of III–A deferments. The first, defined in 32 C.F.R. § 1622.30(a), is the "fatherhood" deferment available to married registrants with children under certain defined circumstances. Though Preston was married and had two stepsons, it is conceded that he did not qualify for a fatherhood deferment because he had previously been classified II–S during his college years. The regulations specifically provide that "a registrant who is classified in Class II–S after the enactment of the Military Selective Service Act of 1967 shall not be eligible" for a fatherhood deferment. 32 C.F.R. § 1622.30(a).

The second type of III–A classification is available to a registrant who can show that his "induction would result in extreme hardship" to his family. 32 C. F.R. § 1622.30(b). Eligibility for this classification is not affected by previous II–S classifications. Preston contends that his showing before the local board constituted a prima facie case of entitlement to this classification and that the failure of the local board to grant it was error.

Without detailing his argument at length or commenting unnecessarily on the factual circumstances of his showing, it suffices to say that our examination of the record does not convince us that Preston made a prima facie showing that his induction would result in *extreme hardship* to his wife and sons which is the *sine qua non* of the classification. Absent such a showing, the alleged failure of the local board to state its reasons for denying the classification does not invalidate his order to report for induction. *See generally* United States v. Haughton, 413 F.2d 736 (9th Cir. 1969).

## II. SENTENCING

█ The district court record shows a perplexing statement indicating that the district judge thought he did not have the power or the discretion to give a suspended sentence and probation. It may well be that the judge simply misspoke for the moment, but we have to take the record as it is.

Under the circumstances, the district court should vacate the sentence and resentence Preston. We do not indicate what the sentence should be.

JAMES M. CARTER, Circuit Judge, concurring and dissenting.

I concur in the portion of the opinion affirming the conviction. I dissent from the remand for resentencing.

There were two bases for the court's refusal to grant probation: (1) That there was no chance for rehabilitation because the defendant would not change his mind and seek induction into military service. The Selective Service regulations provide that even after sentence and the beginning of the service of a term for draft evasion, the prisoner may apply for parole and induction into military service. The Attorney General may grant the parole and the individual may be inducted. §§ 1643.1–1643.13.

(2) That the court could not compel him to do civilian work as a condition of probation. They were alternate reasons for the court's refusal to grant probation.

The court clearly showed that it exercised its discretion as to the first ground, and even if the court was in error as to the second ground and did not exercise its discretion, no error occurred since the grounds were alternative.

Accordingly, I would not remand for resentencing but affirm the judgment.